FILED
15 FEB 17 PM 3:38

np

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

JAVON LAMAR TORBERT,
Booking No. 14759503,

Plaintiff,

vs.

WILLIAM D. GORE; DEPUTY DAILLY; DEPUTY McMAHON; DEPUTY Y.G. GEBREGIORGIS; SERGEANT ESTRADA, COUNTY OF SAN DIEGO; DOES 1-50,

Defendants.

Civil No. 14cv2911 BEN (NLS)

**ORDER:**

**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)**

**(Docket No. 2)**

**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3)**

Javon Lamar Torbert ("Plaintiff"), currently detained at the San Diego Central Jail ("SDCJ"), has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket No. 1).

Plaintiff claims that while he was awaiting trial in a medical ward of the Vista Detention Facility in October 2014, the County and various County Sheriff's Department officials used excessive force against him on two separate occasions and then denied him adequate medical attention immediately after the incidents and for

the two months that followed. (*See* Compl. at 3-5, 9, 15-20). He seeks injunctive relief, and $2 million in general and punitive damages. (*Id.* at 7).

Plaintiff did not prepay the filing fee required to commence a civil action pursuant to 28 U.S.C. § 1914(a) at the time he filed suit; instead he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (Docket No. 2).

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments," *see Williams v. Paramo*, __ F.3d __, 2015 WL 74144, at *1 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. 28 U.S.C. § 1915(b)(1), (4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2. The Court has reviewed Plaintiff's trust account statement, as well as the attached institutional certificate verifying his available balances. Plaintiff's statements show that while he had average monthly deposits of $38.18 to his account, he had only an average monthly balance of $.02 during the 6-month period preceding the filing of this action, and a mere $.05 in his account at the time of filing. Thus, while the Court assesses Plaintiff's initial partial filing fee at $7.63 pursuant to 28 U.S.C. § 1915(b)(1), it will direct SDCJ officials to collect it only if funds are available to cover that amount at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP, and will direct the Watch Commander at the SDCJ to collect the entire $350 balance of the filing fees mandated by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) and § 1915A(b)

The PLRA also requires that the Court review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or

diversionary program," "as soon as practicable after docketing." 28 U.S.C. § 1915A. Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). The court may not, however, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, the Court finds Plaintiff's Complaint is sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[2] Accordingly, the Court will direct the U.S. Marshal to effect service on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

---

[2] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

## III. CONCLUSION AND ORDER

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP.

2. **DIRECTS** the Watch Commander at the SDCJ, or his designee, to collect from Plaintiff's trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, San Diego Central Jail, 1173 Front Street, San Diego, California 92101-3904.

4. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint upon Defendants and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each named Defendant.[3] In addition, the Clerk will provide Plaintiff with a certified copy of this Order and a certified copy of his Complaint and the summons so

---

[3] Plaintiff must, of course, identify the persons he currently lists only as Does 1-50, and whom he currently describes only as "San Diego Sheriff's Deputies" and "nurses, doctors, or medical clerical staff employed by the County to provide medical services" at Vista Detention Facility, *see* Compl. at 10, by their true names and substitute those individual persons by amending his Complaint to identify each of these parties before the United States Marshal will be ordered to execute service upon any of them. *See* Compl. at 4; *Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within 120 days of the commencement of the action against them); Fed. R. Civ. P. 15(c)(1)(C) & 4(m). Generally, Doe pleading is disfavored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). And when the plaintiff proceeds IFP, it is in most instances impossible for the United States Marshal to serve a summons and complaint upon a party identified only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."). However, the Court will not dismiss Plaintiff's claims against the Doe Defendants at this time because where the identity of an alleged party is not known prior to filing of an action, Ninth Circuit authority permits plaintiff the opportunity to pursue appropriate discovery to identify the unknown Does, unless it is clear that discovery would not uncover their identities, or that his Complaint should be dismissed for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

that he may serve each named Defendant. Upon receipt of this "IFP Package," the Court **DIRECTS** Plaintiff to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package.

5. Upon receipt, the Court **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon each Defendant as directed by Plaintiff on the USM Form 285s. All costs of service will be advanced by the United States.

6. Once served, the Court **ORDERS** Defendants to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

7. Plaintiff must serve upon the Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff must include with the original paper to be filed with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of the document was served on Defendants, or counsel for Defendants, and the date of that service. Any paper received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service, will be disregarded.

**IT IS SO ORDERED.**

DATED: February 16, 2015

HON. ROGER T. BENITEZ
United States District Judge