UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVON LAMAR TORBERT,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WILLIAM D. GORE; DEPUTY DAILL; DEPUTY McMAHON; DEPUTY Y.G. GEBREBIORGIS; SERGEANT ESTRADA; COUNTY OF SAN DIEGO; and DOES 1-50,<br><br>　　　　　Defendants. | Civil No.14cv2911 BEN (NLS)<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>[Dkt. No. 27] |

Plaintiff Javon Lamar Tobert ("Plaintiff"), a prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights on December 9, 2014. He alleges excessive force, cruel and unusual punishment and deliberate indifference claims arising from an alleged incident where one of the defendants slammed a metal door on Plaintiff's left arm. The discovery deadline is October 23, 2015. Now, Plaintiff asks this court to appoint him counsel. He argues that appointment of counsel is appropriate here because Plaintiff (1) is mentally and physically impaired, as he is partially blind, has chronic asthma and epileptic seizures, and suffers from several mental disorders for which he takes psychotropic medications; (2) is not educated in the law; (3) will require the help of experts to prove his claims; and (4) is indigent and does not have the resources to investigate crucial facts.

## I. LEGAL STANDARD

The Constitution provides no absolute right to the appointment of counsel in any civil proceeding. *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). In *pro se* and *in forma pauperis* proceedings, district courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). But they do have the discretion to request that an attorney represent an indigent civil litigant upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrections Corp. Of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

A finding of exceptional circumstances "requires an evaluation of both the likelihood of success on the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986), *quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither of the *Wilborn* factors are dispositive, and they must be viewed together before the district court reaches its decision. *Id.*

## II. ANALYSIS

### A. Likelihood of Success on the Merits

A plaintiff that provides no evidence of his likelihood of success at trial fails to satisfy the first factor of the *Wilborn* test. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993). Here, there is very little before the court regarding the merits of Plaintiff's case, other than the assertions in the complaint. As a result, it is difficult at this time to determine the likelihood that Plaintiff will succeed on the merits. Therefore, Plaintiff fails to satisfy the first *Wilborn* factor.

### B. Plaintiff's Ability to Articulate His Claims

Where a *pro se* civil rights plaintiff shows he has a good grasp of basic litigation procedure and has been able to articulate his claims adequately, he does not demonstrate the exceptional circumstances required for the appointment of counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). As another court in this district noted, there is

"no doubt [that] most *pro se* litigants find it difficult to articulate their claims and would be better served with the assistance of counsel." *Garcia v. Cal. Dep't of Corrections & Rehab.,* 2013 WL 485756, at *1 (S.D. Cal. Feb. 6, 2013). But it is for this reason that federal courts employ procedures that protect a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). In *pro se* civil rights cases, a court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Thus, where a *pro se* plaintiff can articulate his claims in light of their relative complexity, there are no exceptional circumstances to justify appointment of counsel. *Garcia,* 2013 WL 485756, at *1, *citing Wilborn*, 789 F.2d at 1331.

The purported complexity of this case and Plaintiff's limited knowledge of the law have not prevented him from articulating his claims. This court has reviewed Plaintiff's complaint and finds that the issues he raises are not particularly complex. The court understands Plaintiff's claims and the relief sought. Plaintiff has also demonstrated that he has a good grasp on basic litigation procedure, as evidenced by the pleadings and submissions he has filed with this court. *See, e.g.* Dkt. Nos. 1, 18, and 27.

While Plaintiff argues that he has been on psychiatric medications since 1995, and attached exhibits confirming his diagnoses and his prescribed psychiatric medications, he makes no allegations regarding the impact of his mental illnesses on his ability to present his case. As for his other argument that he lacks funds and needs counsel to work with experts to help frame his claims, such an issue is common to most prisoners, and does not amount to exceptional circumstances. *See, e.g., Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (denying appointment of counsel where plaintiff complained that he had limited access to law library and lacked a legal education).

The court finds that Plaintiff has sufficiently put on his case thus far in light of the complexity of the legal issues involved.

/ / /

/ / /

## III. CONCLUSION AND ORDER

Viewing the *Wilborn* factors together, Plaintiff has not shown a likelihood of success on the merits of his case or that he cannot articulate his claims and litigate this action *pro se*. Therefore, Plaintiff has not established the exceptional circumstances required for the appointment of counsel pursuant to 28 U.S.C. Section 1915(e)(1).

The court, therefore, **DENIES without prejudice** Plaintiff's motion for appointment of counsel.

**IT IS SO ORDERED**.

DATED: September 17, 2015

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court

4

14cv2911 BEN (NLS)