UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVON LAMAR TORBERT,<br><br>  Plaintiff,<br><br>v.<br><br>WILLIAM D. GORE, Sheriff of San Diego Sheriff Department; DEPUTY DAILLY, Sheriff of San Diego Sheriff Department; DEPUTY McMAHON, Sheriff of San Diego Sheriff Department; DEPUTY Y.G. GEBREBIORGIS, Sheriff of San Diego Sheriff Department; SERGEANT ESTRADA, Sheriff of San Diego Sheriff Department; COUNTY OF SAN DIEGO; and DOES 1-50,<br><br>  Defendants. | Case No.:  14cv2911 BEN (NLS)<br><br>**REPORT AND RECOMMENDATION FOR ORDER DENYING MOTION FOR LEAVE TO AMEND THE COMPLAINT TO ADD DOE DEFENDANTS**<br>[Dkt. No. 46] |

Plaintiff Javon Lamar Tobert, a prisoner proceeding pro se and in forma pauperis, filed this civil rights case alleging excessive force, cruel and unusual punishment and deliberate indifference claims arising from an alleged incident where one of the named Defendants slammed a metal door on Torbert's left arm.  Torbert filed a motion for leave to amend the excessive force claim to add the names of five individuals in place of the fictitiously named DOE defendants.  For the following reasons, the court **RECOMMENDS** that the district judge **DENY** Torbert's motion for leave to amend.

**Relevant Background.**

In his complaint filed on December 9, 2014, Torbert alleges that on October 2, 2014, Defendants Dailly, Estrada and McMahon, along with unnamed DOE defendants, escorted Torbert to a medical observation cell. Compl., p.3. Defendant Dailly then allegedly slammed a metal door on Torbert's left forearm, causing damage to his nerves that limits his movement on an ongoing basis. *Id.* Medical nurses and sheriff deputy DOE defendants witnessed the alleged assault. *Id.*

At the time he filed the complaint, Torbert says he did not know the true names or capacities of the DOE defendants. But he alleged that they were San Diego Sheriff's Deputies or employees of the County, and alleged that they were responsible in some manner for the occurrences alleged in the complaint. Compl., p.10, ¶¶ 14-15.

On March 24, 2015, the six named Defendants in this action filed an answer to the complaint. The court issued a scheduling order the next day and opened discovery. In that first scheduling order, the deadline to file requests to amend the pleadings was April 30, 2015.

At Torbert's request, the court extended the expert deadlines a few times, and also issued an amended scheduling order on October 22, 2015 that continued the remaining pretrial dates. The new scheduling order did not include a new deadline to amend the pleadings, as that deadline had already passed. In light of some pending discovery disputes and ongoing meet and confer efforts, the court set a new discovery cutoff for January 25, 2016.

Now, Torbert seeks to add in the names of some of the DOE defendants. He asks that in paragraph numbers 14 and 15 of page 10 and on page 3 of 93, "DOE defendants" be substituted with the following names: Deputy Setter #3242, Deputy Latonio # 0167, Deputy Genel #4341, Deputy Botz (0179), and Deputy Taylor (5558), working at the Vista Detention Facility for the San Diego County Sheriff's Department.

**Legal Standard.**

After a responsive pleading is served, a "court should freely give leave [to amend]

when justice so requires." Fed. R. Civ. Proc. 15(a)(2). The policy for granting leave should "be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citations omitted). A motion for leave to amend a complaint to substitute in the name of a DOE defendant is also governed by Rule 15.[1] *Butler v. Robar Enterprises, Inc.*, 208 F.R.D. 621, 622 (C.D.Cal.2002); *Kenney v. City of San Diego*, 2015 WL 5039968, at *3 (S.D. Cal. Aug. 25, 2015).

In determining whether to grant leave, a court considers "'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Id.* In the absence of these factors, leave should be freely given. *Hall v. City of L.A.*, 697 F.3d 1059, 1072-73 (9th Cir. 2012) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (reversing district court's denial of leave for failure to meet and confer). Not all of these factors carry equal weight, "in that delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (finding no undue delay when plaintiff sought to add a new defendant almost eighteen months after the litigation began). But futility or prejudice, on their own, are sufficient to justify denial of an amendment. *Ahlmeyer v. Nevada System of Higher Education*, 555 F.3d 1051, 1055 (9th Cir.2009); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir.2003).

Denying leave to amend requires a specific finding that the opposing party will be prejudiced, the moving party is acting in bad faith, or the amendment will be futile. *DCD Programs, Ltd.*, 833 F.2d at 186-187. The party opposing the motion bears the burden to show it will be prejudiced. *Id.* at 187.

---

[1] Defendants argue that California pleading rules, rather than Rule 15, govern the substitution of DOE defendants here. They rely Ninth Circuit cases that defer to California law when there is an issue regarding relation back and the expiration of the statute of limitations. *See Lindley v. General Elec. Co.*, 780 F.2d 797, 799-800 (9th Cir. 1986); *Merritt v. County of Los Angeles*, 875 F.2d 765 (9th Cir. 1989). But this case does not involve the expiration of the statute of limitations. The court, therefore, relies on Rule 15.

**Discussion.**

Defendants oppose the motion and argue that the court should deny leave to amend because the deadline to add parties expired on April 30, 2015, and that in any event amendment should be denied because it would be futile and prejudice the new parties.

### 1. Compliance with Scheduling Order Deadline to Amend the Pleadings.

Torbert apparently discovered the names of these defendants during discovery. He does not try to change any of the facts or allegations and only seeks to substitute in their names for the unidentified DOE defendants. Given that Torbert brought this motion within the discovery period, and there does not appear to be any undue delay in bringing it, this court finds good cause under Rule 16(b) to amend the scheduling order to allow the filing of this motion for leave to amend.

### 2. Futility.

Defendants argue that there is no factual basis to support the excessive force claim against deputies Setter, Latonio, Genel, Botz and Taylor as defendants. Consequently, they argue that an amendment would be futile. Futility of amendment, on its own, can justify denying a motion for leave to amend. *Ahlmeyer*, 555 F.3d at 1055. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment . . . that would constitute a valid and sufficient claim[.]" *Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988).

To state a viable section 1983 claim, Torbert must allege "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 420 (9th Cir. 1991). A person can subject another to the deprivation of a constitutional right if he or she "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do…" *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Personal participation is not the only path to liability under section 1983. A person can "cause" a deprivation "by setting in motion a series of acts by others which the actor

knows or reasonably should know would cause others to inflict the constitutional injury." *Id.* at 743-744. Liability, however, cannot be based upon respondeat superior or any other theory of vicarious liability. *Monell v. Dept. of Social Services*, 436 U.S. 658, 690-692 (1978). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628 (9th Cir. 1988).

Here, Torbert wants to substitute in the names of five deputies into his excessive force claim. The core question on an excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 78 (1992). If the court allows the substitution of the five deputies' names into the excessive force claim, Torbert's excessive force claim would read like this:

> On October 2, 2014, Plaintiff, was the victim of excessive force from Deputy Dailly by having the metal door to medical observation cell #4 slammed on Plaintiffs' left forearm, causing damage to nerves and limited movement that is still ongoing. This was done with malicious intent after a brief disagreement between Deputy Dailly and the Plaintiff, which resorted in Plaintiff being escorted by Defendant Dailly, Defendant Estrada, Defendant McMahon, and Defendant DOEs Setter, Latonio, Genel, Botz and Taylor, to medical observation cell #4 and the excessive use of force done by Defendant Dailly to Plaintiff, which is caught on camera(s) for medical observation at Vista Detention Facility. This assault happened in front of several medical nurses and Deputy Defendant DOEs Setter, Latonio, Genel, Botz and Taylor.

In sum, Torbert and Deputy Dailly had a disagreement. And then the Defendants, allegedly including DOEs Setter, Latonio, Genel, Botz and Taylor, escorted Torbert to a medical observation cell. Deputy Dailly then allegedly slammed the door on Torbert's left forearm, as witnessed by medical nurses and DOEs Setter, Latonio, Genel, Botz and Taylor. Torbert also alleges that the Defendants, including the DOEs, were agents and employees of each other. Compl., p.10, ¶¶ 14-15.

The proposed amendment does not create any allegations that Setter, Latonio, Genel, Botz and Taylor personally participated in the application of any force at all against Torbert, or set into motion any actions that they knew would maliciously and sadistically cause harm to him.  The only factual allegations for these five proposed defendants is that before the alleged force was applied, they helped three other deputies escort Torbert to a medical observation cell, and then they witnessed the alleged slamming of the metal door on Torbert's arm.  These facts alone are not enough to sustain an excessive force claim against Setter, Latonio, Genel, Botz and Taylor, and thus an amendment to add their names would be futile.

While Torbert appears to only want to amend his excessive force claim, to the extent he might seek to add the DOE defendants to his deliberate indifference claim or allege a failure to intervene claim against them, such an attempt would also be futile.  A prison guard's failure to protect an inmate from injury inflicted by other prison guards violates the eighth amendment when the guards fail to intervene with deliberate indifference to a serious risk of harm to the prisoner's health and safety.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (deliberate indifference standard applies when guards fail to intervene in attacks by other guards).  Here, Torbert claims that the alleged assault "happened in front of … [Setter, Latonio, Genel, Botz and Taylor]." Compl., p.3.  This allegation alone—without any other facts to support it—cannot state a claim that Setter, Latonio, Genel, Botz and Taylor acted with deliberate indifference to a serious risk of harm to Torbert's health and safety.

In sum, Torbert's effort to substitute in the DOEs' names is futile because the addition of their names does nothing to help state any claim against them.  Even with all facts taken as true, there is not sufficient factual matter alleged that can show the claim is plausible on its face.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Because any claim against these DOE defendants would be subject to dismissal for failure to state a claim, this court finds that an amendment to add their names would be futile.

### 3. Prejudice to the New Parties.

Some cases consider prejudice to be the "touchstone of the inquiry under rule 15(a)." *Eminence Capital,* 316 F.3d at 1051-52 (internal quotations omitted). Here, proposed defendants Setter, Latonio, Genel, Botz and Taylor would be prejudiced if they are forced to defend a factually implausible lawsuit based on only the facts as alleged. Given the great risk of prejudice to Setter, Latonio, Genel, Botz and Taylor to be forced to defend a baseless lawsuit, this court finds further reason to deny the motion to substitute in the names of the proposed DOE defendants.

### Conclusion.

Based on the foregoing reasons, this court **RECOMMENDS** that Torbert's motion to amend the complaint to add in the DOE defendant names be **DENIED**.

The court submits this Report and Recommendation to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). No later than **December 4, 2015**, any party to this action may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

Any reply to the objections shall be filed with the Court and served on all parties no later than **December 14, 2015**. The parties are advised that failure to file objections within the specified time may waive the right to those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 10, 2015

Hon. Nita L. Stormes
United States Magistrate Judge