UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVON LAMAR TORBERT,<br><br>                                Plaintiff,<br><br>v.<br><br>WILLIAM D. GORE, Sheriff of San Diego Sheriff Department; DEPUTY DAILLY, Sheriff of San Diego Sheriff Department; DEPUTY McMAHON, Sheriff of San Diego Sheriff Department; DEPUTY Y.G. GEBREBIORGIS, Sheriff of San Diego Sheriff Department; SERGEANT ESTRADA, Sheriff of San Diego Sheriff Department; COUNTY OF SAN DIEGO; and DOES 1-50,<br><br>                                Defendants. | Case No.:  14cv2911 BEN (NLS)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR APPOINTMENT OF COUNSEL [Dkt. Not. 66]; and**<br><br>**(2) DENYING MOTION FOR APPOINTMENT OF EXPERT WITNESS [Dkt. No. 68].** |

Plaintiff Javon Lamar Tobert ("Plaintiff"), a prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action on December 9, 2014. He alleges excessive force, cruel and unusual punishment and deliberate indifference claims arising from an alleged incident where one of the defendants slammed a metal door on Plaintiff's left arm.

Plaintiff asks this court, for a second time, to appoint him counsel from the court's pro bono panel. He argues that appointment of counsel is appropriate here because (1) this case is complex and presents scientific issues outside Torbert's scope of understanding, and he has only an eighth grade education; (2) Torbert is mentally impaired, suffering from serious mental health issues that include severe borderline personality disorder, self-inflicting behavior, disassociation, and mood swings for which he takes psychotropic medications; (3) he will require the help of experts to prove his claims; and (4) he is indigent and does not have the resources to investigate crucial facts, as he will no longer have the help of jailhouse lawyers due to prison transfers.

### I. MOTION FOR APPOINTMENT OF COUNSEL

#### A. Legal Standard.

The Constitution provides no absolute right to the appointment of counsel in any civil proceeding. *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). In *pro se* and *in forma pauperis* proceedings, district courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). But they do have the discretion to request that an attorney represent an indigent civil litigant upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrections Corp. Of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

A finding of exceptional circumstances "requires an evaluation of both the likelihood of success on the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986), *quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th

Cir. 1983). Neither of the *Wilborn* factors are dispositive, and they must be viewed together before the district court reaches its decision. *Id.*

### B. Likelihood of Success on the Merits.

A plaintiff that provides no evidence of his likelihood of success at trial fails to satisfy the first factor of the *Wilborn* test. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993). Here, there is very little before the court regarding the merits of Plaintiff's case, other than the assertions in the complaint. As a result, it is difficult at this time to determine the likelihood that Plaintiff will succeed on the merits. Therefore, Plaintiff fails to satisfy the first *Wilborn* factor.

### C. Plaintiff's Ability to Articulate His Claims.

Where a *pro se* civil rights plaintiff shows he has a good grasp of basic litigation procedure and has been able to articulate his claims adequately, he does not demonstrate the exceptional circumstances required for the appointment of counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). As another court in this district noted, there is "no doubt [that] most *pro se* litigants find it difficult to articulate their claims and would be better served with the assistance of counsel." *Garcia v. Cal. Dep't of Corrections & Rehab.,* 2013 WL 485756, at *1 (S.D. Cal. Feb. 6, 2013). But it is for this reason that federal courts employ procedures that protect a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). In *pro se* civil rights cases, a court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Thus, where a *pro se* plaintiff can articulate his claims in light of their relative complexity, there are no exceptional circumstances to justify appointment of counsel. *Garcia,* 2013 WL 485756, at *1, *citing Wilborn*, 789 F.2d at 1331.

The purported complexity of this case and Plaintiff's limited knowledge of the law have not prevented him from articulating his claims. This court has reviewed Plaintiff's complaint and other pleadings and finds that the issues he raises are not particularly complex. The court understands Plaintiff's claims and the relief sought. Plaintiff has

also demonstrated that he has a good grasp on basic litigation procedure, as evidenced by the pleadings and submissions he has filed with this court.

While Plaintiff argues that he is on several psychiatric medications and in treatment, he makes no allegations regarding the impact of his mental illnesses on his ability to present his case. As for his other argument that he lacks funds and needs counsel to work with experts to help frame his claims, such an issue is common to most prisoners, and does not amount to exceptional circumstances. *See, e.g., Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (denying appointment of counsel where plaintiff complained that he had limited access to law library and lacked a legal education). The court finds that Plaintiff has sufficiently put on his case thus far in light of the complexity of the legal issues involved.

Viewing the *Wilborn* factors together, Plaintiff has not shown a likelihood of success on the merits of his case or that he cannot articulate his claims and litigate this action *pro se*. Therefore, Plaintiff has not established the exceptional circumstances required for the appointment of counsel pursuant to 28 U.S.C. Section 1915(e)(1).

## II.     MOTION FOR APPOINTMENT OF EXPERT WITNESS

Torbert asks this court to appoint an expert witness to help the trier of fact understand the evidence and determine the facts at issue regarding his excessive force, medical neglect and emotional distress claims. He also says that Defendants have a medical expert so any medical evidence will be biased toward the Defendants.

### A. Legal Standard.

An expert witness may testify to help the trier of fact determine the evidence or a fact at issue. Fed. R. Evid. 702. A court has full discretion to appoint an expert witness either by its own motion or by a party's motion. Fed. R. Evid. 706(a); *McKinney v. Anderson*, 924 F.2d 1500, 1510-11 (9th Cir. 1991), overruled on other grounds by *Helling v. McKinney*, 502 U.S. 903 (1991). Appointment of an expert witness may generally be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue...." *Levi v. Dir.*

*of Corr.*, 2006 U.S. Dist. LEXIS 18795, *2 (E.D.Cal. 2006) (citation omitted).

The in forma pauperis (IFP) statute, 28 U.S.C. § 1915, does not waive the requirement of the payment of fees or expenses for witnesses in a § 1983 prisoner civil rights action. *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). "Reasonably construed, [Rule 706] does not contemplate the appointment of, and compensation for, an expert to aid one of the parties." *Trimble v. City of Phoenix Police Dept.*, 2006 U.S. Dist. LEXIS 13061, *6 (D. Ariz. 2006) (citation omitted).

### B. Appointment of an Expert.

In his request to appoint an expert, Torbert argues that an expert's testimony is needed regarding medical and psychiatric issues to rebut Defendants' medical expert. He also explains this case contains complex medical and psychiatric issues, and a jury will need an unbiased expert's help to understand those issue.

Here, it is unclear whether defendant Dr. Joshua has been appointed to serve as an expert in this case. Thus it is premature for the court to know whether any further expert testimony will be helpful. It is also unclear whether Torbert has the means to retain and compensate an expert.

Further, to prevail on his Eighth Amendment claim for deliberate indifference, Torbert must show that Defendants acted with deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1983). Deliberate indifference has a subjective component because it requires the court to "consider the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *Levi*, 2006 U.S. Dist. LEXIS at 3 (citation omitted). In the context of such a claim, "the question of whether the prison officials displayed deliberate indifference to [Plaintiff's] serious medical needs [does] not demand that the jury consider probing, complex questions concerning medical diagnosis and judgment." *Id.* Courts have declined to appoint an expert under such circumstances. *Id.* Therefore, Plaintiff's request for appointment of a medical expert witness is **DENIED**.

///

### III. ORDER

The court **DENIES without prejudice** Torbert's motion for appointment of counsel and his motion for appointment of an expert witness.

**IT IS SO ORDERED**.

Dated: April 8, 2016

Hon. Nita L. Stormes
United States Magistrate Judge

6

14cv2911 BEN (NLS)