UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVON LAMAR TORBERT,<br><br>                          Plaintiff,<br><br>v.<br><br>WILLIAM D. GORE, Sheriff of San Diego Sheriff Department; DEPUTY DAILLY, Sheriff of San Diego Sheriff Department; DEPUTY McMAHON, Sheriff of San Diego Sheriff Department; DEPUTY Y.G. GEBREBIORGIS, Sheriff of San Diego Sheriff Department; SERGEANT ESTRADA, Sheriff of San Diego Sheriff Department; COUNTY OF SAN DIEGO; and DOES 1-50,<br><br>                          Defendants. | Case No.:  3:14-cv-02911-BEN (NLS)<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION [ECF No. 100];**<br><br>**(2) GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [ECF No. 71]; and**<br><br>**(3) GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT [ECF No. 106]** |

Plaintiff Javon Lamar Torbert, a state prisoner proceeding pro se and in forma pauperis, brought this action under 42 U.S.C. § 1983, asserting claims under state law and for violations of the Eighth Amendment arising from two alleged incidents.  The Court addresses two motions in this Order:  (1) Defendant's motion for summary judgment on all claims, and Magistrate Judge Stormes's Report and Recommendation thereon; and (2) Plaintiff's motion to amend his complaint.  Each is addressed in turn.

1

## I.  Report and Recommendation on Defendants' Motion for Summary Judgment

After an extended discovery period, Defendants filed a motion for summary judgment, seeking judgment in their favor on all claims.  (Mot. Summ. J., ECF No. 71.) On August 15, 2016, the Honorable Nita L. Stormes, United States Magistrate Judge, issued a thorough and thoughtful Report and Recommendation in which she recommended granting in part and denying in part Defendants' motion for summary judgment.  (R&R at 2, ECF No. 100.)  Plaintiff filed objections.  (Obj., ECF No. 104.) Where a timely objection to a report and recommendation has been filed, the district court reviews *de novo* those portions of the report or specific proposed findings or recommendations to which an objection was filed.  28 U.S.C. § 636(b)(1).

Plaintiff objects to the Report and Recommendation's conclusions regarding his deliberate indifference claim concerning Defendants' failure to return his cane (claim two) and his deliberate indifference claim related to having to wait to see a doctor and not being referred to a neurologist (claim three).  To prevail on an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A plaintiff must establish a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citation omitted).

With respect to Plaintiff's deliberate indifference claim related to the cane, the Report and Recommendation concluded that Plaintiff had not made an objective showing that he had a serious medical need requiring the cane.  (R&R at 15.)  Plaintiff's objection argues that Defendants acted in bad faith by taking away his cane without a doctor's consent.

The Court finds that there is no genuine dispute whether Plaintiff suffered from a serious medical need for a cane.  He has failed to show he had such a need because he was able to walk without the cane.  In fact, there is video footage documenting him

pacing for at least six minutes without using his cane.  Contemporaneous medical records also support this finding.  (Obj. Ex. D ("I/P is seen doing exercises throughout the day and not using cane"); Ex. F ("IP observed by staff ambulating w/o cane") Ex. I (noting that Plaintiff's "gait" was "steady"); Ex. K ("[A]mbulation stable without cane in clinic today. Do not think this pt warrants use of a cane at this point."))  Moreover, the cane was taken away as a security measure because Plaintiff was upset and agitated, after he had already been observed walking easily without it.  Therefore, the Court overrules Plaintiff's objection on claim two.

As to Plaintiff's deliberate indifference claim for having to wait 13 hours before he was seen for an arm injury and not being referred to a neurologist, the Report and Recommendation again found that Plaintiff had not established a serious medical need. (R&R at 16-17 ("No objective medical evidence shows that either an immediate visit to a doctor was necessary, or that referral to a neurologist was warranted.").  Plaintiff objects that Defendants ignored his pain and intentionally misled medical staff about the source of his pain.  He contends that "Dr. Dillman wrote [in] her notes . . . that Plaintiff could get an appointment with a nerve specialist if symptoms persisted."  (Obj. at 5.)

Again, the Court agrees with the Report and Recommendation.  Plaintiff was injured in the evening and received pain medicine shortly after the injury.  He was seen by medical staff the next morning and had numerous medical appointments to follow up on his injury.  None of the medical exams revealed a lasting injury, and no doctor believed a neurology referral was necessary.  Thus, there is no genuine dispute whether Plaintiff suffered a serious medical need.  The Court overrules Plaintiff's objection.

In sum, this Court has carefully reviewed the Report and Recommendation, Plaintiff's Objections, and the remainder of the record in this matter and **ADOPTS** the Report and Recommendation in full.

## II.    Plaintiff's Motion to Amend Complaint

After the Magistrate Judge issued the Report and Recommendation, Plaintiff filed a motion to amend his complaint.  (Mot. to Amend Compl., ECF No. 106.)  Plaintiff

seeks to reduce his request for compensatory damages from $800,000 to $75,000, to reduce his request for punitive damages from $1.5 million to $125,000, and to change his initial request for a jury trial to a request for a bench trial.  (*Id.* at 1.)

Leave to amend under Federal Rule of Civil Procedure 15(a)(2) should be "freely give[n] . . . when justice so requires."  Courts consider "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment" in deciding whether justice requires granting leave to amend under Rule 15.  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 370 U.S. 178, 182 (1962)).

In light of the limited changes to Plaintiff's complaint and the lack of prejudice to Defendants, Plaintiff's motion to amend his complaint is **GRANTED.**  Plaintiff need not file an Amended Complaint.

## III.    Conclusion

For the reasons discussed above, the Report and Recommendation is **ADOPTED** in its entirety.  Defendants' Motion for Summary Judgment is **GRANTED IN PART.** With this Order, the Court grants summary judgment on all claims except for one.  The only remaining claim for relief is claim one for excessive force as alleged against Defendant Dailly related to the October 2, 2014 incident.

Plaintiff's motion to amend his complaint is **GRANTED.**

**IT IS SO ORDERED.**

Dated:  October 5, 2016

Hon. Roger T. Benitez
United States District Judge