UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVON LAMAR TORBERT,<br><br>                            Plaintiff,<br><br>v.<br><br>WILLIAM D. GORE, Sheriff of San Diego Sheriff Department; DEPUTY DAILLY, Sheriff of San Diego Sheriff Department; DEPUTY McMAHON, Sheriff of San Diego Sheriff Department; DEPUTY Y.G. GEBREBIORGIS, Sheriff of San Diego Sheriff Department; SERGEANT ESTRADA, Sheriff of San Diego Sheriff Department; COUNTY OF SAN DIEGO; and DOES 1-50,<br><br>                            Defendants. | Case No.:  14cv2911 BEN (NLS)<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND THE COMPLAINT TO ADD A CLAIM FOR OBSTRUCTION OF JUSTICE**<br><br>[Dkt. No. 113] |

/ / /

/ / /

/ / /

/ / /

/ / /

Plaintiff Javon Lamar Torbert ("Plaintiff"), a prisoner proceeding pro se and in forma pauperis, filed this civil rights on December 9, 2014. He alleges excessive force, cruel and unusual punishment and deliberate indifference claims arising from an alleged incident where one of the Defendants slammed a metal door on Plaintiff's left arm. The Court recently granted in part and denied in part Defendants' summary judgment motion, and held that only one excessive force claim against one Defendant remains in the case. A pretrial conference is set for November 28, 2016.

Now, Torbert seeks leave to amend his complaint to add a new claim against Defendants for "conspiracy to obstruct justice by committing declaration perjury under oath to fraudulently conceal the existence of the surveillance camera located above the isolation cell #4 for the incident of October 2, 2014." Pl.'s Mtn., p.1. This motion for leave to amend is the fourth iteration of Torbert's request to sanction the Defendants for allegedly concealing the existence of a security camera that he claims recorded acts related to the October 2, 2014 incident. For the following reasons, the Court **DENIES** the motion for leave to amend.

## BACKGROUND

Some of Torbert's claims stem from an incident occurring on October 2, 2014. Torbert alleges that on that date one of the Defendants slammed a metal door on his left arm while escorting him in to a medical isolation cell. He alleges his arm was in pain and he asked for emergency help but no one responded to his calls for 13 hours. Compl., p.5.

In discovery, Torbert requested video footage of that medical isolation cell that he believed showed deputies waking him up for a doctor's appointment and forcing him to walk without his authorized cane. April 8, 2016 Order [Dkt. No. 69], p.6. Defendant Gore explained that to protect inmate privacy, no cameras record inside the medical isolation cells and thus no video footage exists from inside the cell. *Id.* Defendants explained that fact to Torbert during the meet and confer that preceded the filing of the discovery motion. Holmes Decl. [Dkt. No. 62-1], ¶ 8. Dissatisfied with that explanation, Torbert filed a motion to compel production of the video footage from *inside* the cell.

1   Defendants produced video footage from the hallway *outside* of the medical isolation
2   cell.  April 8, 2016 Order, p.6.  Defense counsel also filed a declaration, under penalty of
3   perjury, explaining that no video camera pointed directly at Cell No. 4, and thus no video
4   footage from inside the medical isolation cell exists.  Holmes Decl. [Dkt. No. 62-1], ¶ 8.

5   Long after the discovery cutoff, Torbert filed a "Motion for Subpoena" that
6   essentially asked the Court to reconsider its previous discovery order regarding the
7   existence of video footage from inside the medical isolation cell.  Mtn. for Subpoena
8   [Dkt. No. 92].  The Court found that there was no good cause to disbelieve Defendants'
9   account that no such video footage exists.  It denied Torbert's motion for a subpoena to
10  permit inspection of the Medical Observation Cell No. 4 to check for the existence of any
11  video camera located above or close to the cell.  July 11, 2016 Order [Dkt. No. 96].

12  While the summary judgment motion was pending, Torbert made his third request
13  to the Magistrate Judge for video footage from inside the medical isolation cell by filing a
14  "Motion for Order of Watch Commander." [Dkt. No. 108.]  Meanwhile, this Court
15  adopted in full the Report and Recommendation (R&R) for an order to grant in part and
16  deny in part Defendants' summary judgment motion.  After this Court's ruling on the
17  summary judgment motion, the Magistrate Judge denied the "Motion for Order of Watch
18  Commander," noting:

> With regard to Torbert's claim that he did not receive medical care for 13 hours while in the medical isolation cell, this court found that it did not amount to deliberate indifference:
>
> Because Torbert received pain medicine soon after the injury, had numerous medical appointments to follow up on his injury starting early the next morning, and all medical exams revealed no lasting injury to the arm, there is no question of fact as to whether Defendants were deliberately indifferent to his medical needs by making him wait overnight to see a doctor or by failing to send him to a neurologist. No objective medical evidence shows that either an immediate visit to a doctor was necessary, or that referral to a neurologist was warranted. Aug. 15, 2016 R&R, pp.16-17.

> Torbert seeks the video footage to show, among other things, that Defendant Dailly snatched his cane and slammed the metal door on his arm. Mtn., p.3. But the video footage produced from the hallway captures this incident. *See* Defs.' MSJ, Ex. I. Torbert also says the footage shows that he did not receive medical attention for 13 hours while in his cell, and he only received his regularly-scheduled psychiatric medication and three Tylenols for pain. Mtn., p.3. But the court already accepted those facts as true for purpose of the summary judgment order, and still found no deliberate indifference. R&R, pp.16-17. In sum, even if video footage existed that pointed directly inside the medical isolation cell, it would not add any new information to court's analysis.

Oct. 7, 2016 Order, pp.3-4.

# DISCUSSION

### A. Legal Standard.

After a responsive pleading is served, a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy for granting leave should "be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citations omitted). In determining whether to grant leave, a court considers "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Id.* In the absence of these factors, leave should be freely given. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1072-73 (9th Cir. 2012) (reversing district court's denial of leave for failure to meet and confer).

### B. Whether to Grant Leave to Amend.

Torbert alleges that a video camera captured all actions that took place *inside* his medical isolation cell. Mtn., p.2. He argues that he should be given leave to add a claim regarding the existence of this supposed video footage because it will show that Torbert "cried out in duress for hours for medical attention which got ignored." Mtn., p.3. He also says it will show that even though Defendant Dailly accompanied the medical nurse to give Torbert his nighttime psychotropic medication and returned later to give him

some pain medication, he still did not receive medical treatment for his arm until the morning. Mtn., pp.3-4.

The Court finds no good cause to grant the motion for leave to file an amended complaint. First, Defendants would be prejudiced now–long after discovery closed and after they largely prevailed on summary judgment–if Torbert is allowed to file an amended complaint that includes a completely new factual basis for relief. Second, the filing of an amended complaint would be futile because even if video footage exists from inside the medical isolation cell, Torbert still cannot prevail on his deliberate indifference claim. The Court already accepted as true the facts that Torbert alleges are evident in the alleged video footage, which include Torbert not receiving medical attention for 13 hours and only receiving his regularly-scheduled psychiatric medication and three Tylenols for pain. Even assuming these facts were true, this Court still found no deliberate indifference because "[n]o objective medical evidence shows that either an immediate visit to a doctor was necessary, or that referral to a neurologist was warranted" during that 13 hour period. *See* R&R, pp.16-17. In sum, the amended complaint and purported missing discovery would add nothing to Torbert's constitutional claims.

## CONCLUSION

Because an amended complaint would be futile and Defendants would be prejudiced, the Court **DENIES** Torbert's request for leave to file an amended complaint.

**IT IS SO ORDERED.**

Dated: October 26, 2016

Hon. Roger T. Benitez
United States District Judge