UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVON LAMAR TORBERT,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>WILLIAM D. GORE, Sheriff of San Diego Sheriff Department; DEPUTY DAILLY, Sheriff of San Diego Sheriff Department; DEPUTY McMAHON, Sheriff of San Diego Sheriff Department; DEPUTY Y.G. GEBREBIORGIS, Sheriff of San Diego Sheriff Department; SERGEANT ESTRADA, Sheriff of San Diego Sheriff Department; COUNTY OF SAN DIEGO; and DOES 1-50,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:14-cv-02911 BEN (NLS)<br><br>**ORDER DENYING MOTION FOR CLARIFICATION/OBJECTION TO DENIAL OF PLAINTIFF'S MOTION TO AMEND**<br><br>**[Docket No. 128]** |

　　Plaintiff Javon Lamar Torbert ("Plaintiff"), a prisoner proceeding pro se and in forma pauperis, filed this civil rights action on December 9, 2014.  He alleges excessive force, cruel and unusual punishment, and deliberate indifference claims arising from an alleged incident where one of the Defendants slammed a metal door on Plaintiff's left arm.  After summary judgment, only one excessive force claim against one Defendant

1

remains in the case.

Plaintiff sought leave to amend his complaint to add a new claim against Defendants for "conspiracy to obstruct justice by committing declaration perjury under oath to fraudulently conceal the existence of the surveillance camera located above the isolation cell #4 for the incident of October 2, 2014." (Docket No. 113 at 1.) The motion for leave to amend was the fourth iteration of Plaintiff's request to sanction the Defendants for allegedly concealing the existence of a security camera that he claims recorded acts related to the October 2, 2014 incident. On October 26, 2016, this Court denied Plaintiff's motion because an amended complaint would be futile and would prejudice Defendants. (Docket No. 117.)

Now before the Court is Plaintiff's "Clarification/Objection to Denial of Plaintiff's Motion to Amend Obstruction of Justice." (Docket No. 128.) The Court construes this filing as a motion for reconsideration. This is the *fifth* iteration of Plaintiff's request for the alleged video footage.

For the following reasons, the Court **DENIES** the motion for reconsideration.

## **BACKGROUND**

The Court's prior order denying Plaintiff's motion for leave to amend detailed the history of litigation on Plaintiff's request for the alleged video footage. In short, Plaintiff claims that video footage from inside his medical isolation cell exists. Defendants have explained that there is no footage from inside the cell, but produced footage from the hallway outside the cell. The Court found no good cause to disbelieve Defendants' account that there is no recording of events inside the cell.

In ruling on Plaintiff's motion for leave to amend, the Court found that good cause did not exist to grant Plaintiff's motion:

> First, Defendants would be prejudiced now–long after discovery closed and after they largely prevailed on summary judgment–if Torbert is allowed to file an amended complaint that includes a completely new factual basis for relief. Second, the filing of an amended complaint would be futile because even if video footage exists from inside the medical isolation cell, Torbert

> still cannot prevail on his deliberate indifference claim. The Court already accepted as true the facts that Torbert alleges are evident in the alleged video footage, which include Torbert not receiving medical attention for 13 hours and only receiving his regularly-scheduled psychiatric medication and three Tylenols for pain. Even assuming these facts were true, this Court still found no deliberate indifference because "[n]o objective medical evidence shows that either an immediate visit to a doctor was necessary, or that referral to a neurologist was warranted" during that 13 hour period. *See* R&R, pp.16-17. In sum, the amended complaint and purported missing discovery would add nothing to Torbert's constitutional claims.

(Docket No. 117 at 5.)

Plaintiff now moves for reconsideration of this order.

## DISCUSSION

### I. LEGAL STANDARD

Under Rule 60(b), a court may relieve a party from a final judgment, order, or proceeding upon a showing of mistake, newly discovered evidence, fraud, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b); *see Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (explaining that the catch-all provision should be used sparingly as an equitable remedy to prevent manifest injustice).

Motions for reconsideration "should not be granted, absent highly unusual circumstances." *Antoninetti v. Chipotle Mexican Grill, Inc.*, No. 05-cv-1660-J, 2007 WL 2456223, at *2 (S.D. Cal. Aug. 23, 2007). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Life Techs. Corp. v. Illumina, Inc.*, No. 11-cv-00703, 2012 WL 10933209, at *1 (S.D. Cal. June 11, 2012) (quoting *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000)). Moreover, motions to reconsider are not a platform to relitigate arguments and facts previously considered and rejected. *See Harrison v. Sofamor/Danek Grp., Inc.*, No. 94-cv-0692, 1998 WL 1166044, at *3 (S.D. Cal. Sept. 15, 1998).

/ / /

/ / /

3

3:14-cv-02911 BEN (NLS)

## II. WHETHER TO GRANT RECONSIDERATION

It appears that Plaintiff claims that the Court made a mistake in its prior ruling. He "asks the Court to review all evidence and allow Plaintiff to file [a] motion to allow a look thru [sic] the isolation hallway cell #4 for the requested camera, and obstruction on defendants under penalty of perjury." (Docket No. 128 at 4.) None of Plaintiff's arguments are persuasive.

Plaintiff first argues that he never requested video footage from a camera inside the cell, and that he always sought footage from a camera placed directly outside his cell that monitored events inside the cell. Plaintiff misreads the Court's orders. The Court's orders are clear that Plaintiff sought footage from a camera outside the cell that recorded activities inside it. The Court did not make a mistake about the location of the camera.

He also contends that the produced video footage shows another hallway camera closer to the incident, and that Defendants never produced footage from his closer camera. The Court has re-reviewed the produced footage and fails to find other cameras in the hallway.

Plaintiff's motion seeks to relitigate issues that have been considered and rejected several times. This is not proper grounds for a motion for reconsideration. The Court readopts its prior conclusion that allowing Plaintiff's requested relief would prejudice Defendants and be futile.

## CONCLUSION

The Court **DENIES** Plaintiff's motion for reconsideration.

**IT IS SO ORDERED.**

Dated: December 19, 2016

Hon. Roger T. Benitez
United States District Judge