UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVON LAMAR TORBERT,<br><br>                             Plaintiff,<br><br>v.<br><br>WILLIAM D. GORE, Sheriff of San Diego Sheriff Department; DEPUTY DAILLY, Sheriff of San Diego Sheriff Department; DEPUTY McMAHON, Sheriff of San Diego Sheriff Department; DEPUTY Y.G. GEBREBIORGIS, Sheriff of San Diego Sheriff Department; SERGEANT ESTRADA, Sheriff of San Diego Sheriff Department; COUNTY OF SAN DIEGO; and DOES 1-50,<br><br>                             Defendants. | Case No.:  3:14-cv-02911-BEN (NLS)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO PRESERVE A CLAIM OF ERROR;**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR RELIEF OF JUDGMENT;**<br><br>**(3) GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME;**<br><br>**(4) GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION** |

      Plaintiff Javon Lamar Torbert ("Plaintiff"), a prisoner proceeding pro se and in forma pauperis, filed this civil rights action on December 9, 2014.  He alleges excessive force, cruel and unusual punishment, and deliberate indifference claims arising from an alleged incident where one of the Defendants slammed a metal door on Plaintiff's left

1

arm.  After summary judgment, only one excessive force claim against one Defendant remains in the case.  Now before the Court are four motions, three filed by Plaintiff and one by Defendant Dailly.  The Court considers each in turn.

I.     **Plaintiff's Motions**

Plaintiff has filed three motions:  (1) motion to preserve a claim of error; (2) motion for relief of judgment; and (3) motion for change of address and extension of time for the pretrial conference and pretrial deadlines.

**A. Motion to Preserve a Claim of Error**

Plaintiff moves under Federal Rule of Evidence 103 to "preserve any errors pertaining to his claim of video surveillance on top of the cell door #4 of the medical isolation that was used in the incident and the errors pointed out in his opposition to defendant's summary judgment." (ECF No. 136).  "The errors claimed by the plaintiff has [sic] affected his motions for discovery and opposition to defendant's summary judgment." (*Id.*)  He asks the Court "to take judicial notice on all his motions of error and relieve of judgements [sic]." (*Id.*)

This motion relates to Plaintiff's repeated request to sanction Defendants for allegedly concealing the existence of a security camera that he claims recorded acts on October 2, 2014 that are at issue in this lawsuit.  Plaintiff sought this alleged video footage during discovery, but Defendants responded that the footage Plaintiff sought does not exist.  The Court found that there was no good cause to disbelieve Defendants' statement and denied several discovery motions for the footage.  Later, Plaintiff sought to add a new claim against Defendants for "conspiracy to obstruct justice by committing declaration perjury under oath to fraudulently conceal the existence of the surveillance camera located above the isolation cell #4 for the incident of October 2, 2014." (Mot. to Amend at 1, ECF No. 113).  On October 26, 2016, this Court denied Plaintiff's motion to amend.  (Order, ECF No. 117).  Plaintiff then moved for reconsideration of that order, which this Court denied on December 19, 2016, finding that Plaintiff's motion sought to relitigate issues that have been considered and rejected several times.  (Order, ECF No.

130).  The Court adopted its prior conclusion that allowing Plaintiff's requested relief would prejudice Defendants and be futile.  (*Id.*)

Plaintiff's motion to preserve a claim of error is **DENIED.**  This is the *sixth* iteration of Plaintiff's request to sanction Defendants for allegedly concealing the footage.  Plaintiff has made his record.

### B. Motion for Relief of Judgment

Plaintiff moves under Federal Rule of Civil Procedure 60(b) for relief from an order granting in part and denying in part Plaintiff's motion to compel (ECF No. 69) and from the report and recommendation granting in part and denying in part Defendants' motion for summary judgment, and the order adopting the report and recommendation.  (ECF Nos. 100, 109).  He again contends that the video footage exists and that the Court misinterpreted his request.  He also argues that the Court stated incorrect facts in the report and recommendation.

Under Rule 60(b), a court may relieve a party from a final judgment, order, or proceeding upon a showing of mistake, newly discovered evidence, fraud, or "any other reason that justifies relief."  Fed. R. Civ. P. 60(b); *see Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (explaining that the catch-all provision should be used sparingly as an equitable remedy to prevent manifest injustice).  Motions for reconsideration "should not be granted, absent highly unusual circumstances." *Antoninetti v. Chipotle Mexican Grill, Inc.*, No. 05-cv-1660-J, 2007 WL 2456223, at *2 (S.D. Cal. Aug. 23, 2007).  "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Life Techs. Corp. v. Illumina, Inc.*, No. 11-cv-00703, 2012 WL 10933209, at *1 (S.D. Cal. June 11, 2012) (quoting *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000)).  Moreover, motions to reconsider are not a platform to relitigate arguments and facts previously considered and rejected.  *See Harrison v. Sofamor/Danek Grp., Inc.*, No. 94-cv-0692, 1998 WL 1166044, at *3 (S.D. Cal. Sept. 15, 1998).

1    Plaintiff's motion for relief of judgment is **DENIED.** As to the existence of the
2 video footage, this motion is Plaintiff's *seventh* attempt to litigate that issue. He has not
3 stated proper grounds for a motion for reconsideration. *Harrison*, No. 94-cv-0692, at *3.
4    With respect to the allegedly incorrect facts found by the Court in the report and
5 recommendation, Plaintiff's motion relates to facts about the October 2 incident. For
6 instance, he challenges the Court's explanation of why he was taken to the hospital and
7 the misquoting of a medical chart.
8    The Court did not dismiss Plaintiff's excessive force claim against Defendant
9 Dailly for the October 2 incident. This claim remains, and Plaintiff can present his
10 version of the facts to the jury, should this case go that far. Thus, even if the Court
11 misstated certain facts—which this Court does not find—Plaintiff suffered no prejudice.
12   To the extent Plaintiff challenges the dismissal of his deliberate indifference claim
13 concerning the October 2 incident, none of Plaintiff's complaints of incorrect facts are
14 relevant to that dismissal. The report and recommendation and the order adopting the
15 report and recommendation found that there was no genuine dispute whether Plaintiff
16 suffered a serious medical need. He did not make an objective showing that he had such
17 a need: "Plaintiff was injured in the evening and received pain medicine shortly after the
18 injury. He was seen by medical staff the next morning and had numerous medical
19 appointments to follow up on his injury. None of the medical exams revealed a lasting
20 injury, and no doctor believed a neurology referral was necessary." (Order at 3, ECF No.
21 109). None of the facts that Plaintiff contends the Court stated incorrectly would disturb
22 this analysis and the conclusion that he did not establish a serious medical need.
23   Plaintiff also challenges the grant of summary judgment for Defendant on his
24 claim for failure to return his cane. However, Plaintiff's motion for relief does not state
25 any grounds for reconsidering this conclusion. Plaintiff appears to restate the arguments
26 he presented at summary judgment, which this Court rejected. As noted, courts deny
27 motions for reconsideration based on arguments previously litigated and rejected.
28 / / /

### C. Motion for Change of Address and Extension of Time

Plaintiff has been transferred to a new institution and asks the Court to change his address. This request is **GRANTED.** The Clerk shall change Plaintiff's address to:

Javon Lamar Torbert #P-96193
D-3-129
P.O. Box 4670
Lancaster, CA 93539

He also asks to continue the pretrial conference and pretrial deadlines by 60 days because he does not have his property as a result of his transfer. He needs to receive his property and "catch up" with anything he missed in the litigation. Defendant Dailly filed a notice of non-opposition to Plaintiff's request.

The Court will **GRANT** Plaintiff's motion **IN PART.** Plaintiff stated that he was transferred on December 28, 2016. Other than Plaintiff's motion for an extension, nothing has been filed that requires Plaintiff's response. The pretrial deadlines have already been extended once by 90 days, and that schedule has been set since October 28, 2016. (ECF No. 122). To allow Plaintiff time to locate his property, the Court will extend the deadlines by 28 days. The pretrial deadlines will be as follows:

| Current Date | New Date | Event |
| --- | --- | --- |
| January 30, 2017 | February 27, 2017 | Pretrial Disclosure Requirements |
| February 6, 2017 | March 6, 2017 | Meet/Confer (Local Rule 16.1(f)(4)) |
| February 13, 2017 | March 13, 2017 | Proposed Pretrial Order |
| February 20, 2017 | March 20, 2017 | Pretrial Disclosures served and lodged |
| February 27, 2017 | March 28, 2017 at 10:30 am | Pretrial Conference |

## II. Defendant's Motion for Reconsideration

Defendant Dailly moves for reconsideration of the portion of the Court's order granting Plaintiff's motion to amend his complaint to withdraw his demand for a jury trial. (ECF No. 131). When Plaintiff filed his complaint, he demanded a jury trial. (Compl. at 7, ECF No. 1). On September 27, 2016, he moved to amend his complaint to

reduce his request for punitive and compensatory damages and change his request for a jury trial to a bench trial. (ECF No. 106). Nine days later, on October 5, 2016, the Court granted Plaintiff's request in the same order adopting the Magistrate Judge's report and recommendation on Defendants' motion for summary judgment. (ECF No. 109). The Court issued that order before Defendant was required to respond to Plaintiff's motion to amend.

Defendant's motion for reconsideration is **GRANTED.** Once Plaintiff demanded a jury trial, Defendant Dailly was entitled to rely on that demand and did not need to file his own demand. *Fuller v. City of Oakland*, 47 F.3d 1522, 1531 (9th Cir. 1995). "A proper demand may be withdrawn only if the parties consent." Fed. R. Civ. P. 38(d). Defendant has not consented to a nonjury trial, and the Court has not found that there is no federal right to a jury trial on the issues remaining. Fed. R. Civ. P. 39(a). Therefore, the Court's order was legally erroneous, and it would be unjust to make Defendant Dailly proceed in a bench trial. The Court thus vacates its prior grant of Plaintiff's motion and denies his request for a bench trial.

## CONCLUSION

As discussed above, the Court hereby **ORDERS:**

Plaintiff's motion to preserve a claim of error is **DENIED.** (ECF No. 136).

Plaintiff's motion for relief of judgment is **DENIED.** (ECF No. 138).

Plaintiff's motion for change of address and extension of time is **GRANTED IN PART.** The Clerk shall update Plaintiff's address. The Court will extend the pretrial deadlines consistent with the schedule outlined above. (ECF No. 140).

Defendant's motion for reconsideration is **GRANTED.** (ECF No. 131).

**IT IS SO ORDERED.**

Dated: February 4, 2017

Hon. Roger T. Benitez
United States District Judge