UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVON LAMAR TORBERT,<br><br>  Plaintiff,<br><br>v.<br><br>WILLIAM D. GORE, Sheriff of San Diego Sheriff Department; DEPUTY DAILLY, Sheriff of San Diego Sheriff Department; DEPUTY McMAHON, Sheriff of San Diego Sheriff Department; DEPUTY Y.G. GEBREBIORGIS, Sheriff of San Diego Sheriff Department; SERGEANT ESTRADA, Sheriff of San Diego Sheriff Department; COUNTY OF SAN DIEGO; and DOES 1-50,<br><br>  Defendants. | Case No.: 3:14-cv-02911-BEN (NLS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A SECOND PRETRIAL CONFERENCE AND ORDERING OTHER RELIEF**<br><br>**[ECF No. 167]** |

This Court conducted a pretrial conference on April 7, 2017. Plaintiff, a prisoner proceeding pro se, appeared telephonically. While Plaintiff was on the line, the Court conferred with both parties on motion in limine hearing and trial dates and, accordingly, set dates for each event. Plaintiff began to note his objections to Defendant's proposed pretrial order when his phone line cut off. Upon being unable to reconnect with Plaintiff, the Court ended the pretrial conference. Plaintiff now moves for the Court to order a

1

3:14-cv-02911-BEN (NLS)

second pretrial conference to address several issues. For the reasons that follow, the Court can address Plaintiff's concerns without conducting a second pretrial conference and therefore denies Plaintiff's request and orders other appropriate relief.

Plaintiff raises several issues that he wants to address in a second pretrial conference. First, he contends that Defendant did not conduct the pretrial meet and confer as ordered by the Court. In January 2017, Plaintiff moved for an extension of the pretrial proceedings because he did not have his property due to a recent prison transfer. Before the Court ruled on the motion for an extension, Defendant scheduled the pretrial meet and confer on February 3, 2017. Plaintiff concedes that this meet and confer occurred, but argues that he was not given prior notice of it and was not prepared because he was still missing his property. He explained his objection to Defendant's counsel, but counsel wanted to proceed with the conference while the motion for extension was pending. Plaintiff contends that little was accomplished during the February 3 meet and confer. On February 6, the Court granted a 28-day extension and ordered that the meet and confer occur by March 6, 2017. According to Plaintiff, that meet and confer did not occur. Nevertheless, on March 20, Defendant submitted a proposed pretrial order to the Court. It is unclear what input Plaintiff had in the proposed pretrial order. For instance, the "Statement of the Case to be Read to the Jury" clearly presents Defendant's version of the events. Relatedly, Plaintiff argues that a second pretrial conference should occur because he was unable to object to Defendant's proposed pretrial order before the phone line cut off.

The Court need not conduct another pretrial conference to resolve Plaintiff's concerns. Within 14 days of the date of this Order, Plaintiff should file his own proposed pretrial order. The Court will then reconcile the parties' two proposed pretrial orders. Such relief is consistent with what the Court must do when parties cannot agree on the contents of the pretrial order.

Plaintiff also asks for another pretrial conference to explain why the Court denied his motion for appointment of counsel. Plaintiff contends that he filed a motion for

appointment of counsel on December 26, 2016 and never received a ruling until this Court orally denied the motion during the pretrial conference. If Plaintiff filed a written motion in December 2016, this Court never received it. Plaintiff last filed a motion for appointment of counsel on June 14, 2016, which Magistrate Judge Stormes denied on June 23, 2016. At the pretrial conference, the Court considered Plaintiff's request for counsel and denied it.

A second pretrial conference is not necessary to explain why the Court denied Plaintiff's request. Plaintiff has not demonstrated the exceptional circumstances required for the appointment of counsel. Courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1) (1996), to appoint counsel for indigent civil litigants upon a showing of exceptional circumstances. "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (internal citations omitted). Here, only one claim remains, its facts are not complex, and Plaintiff has shown that he is capable of articulating this claim. Further, Plaintiff has demonstrated a good grasp of litigation procedure and has even tried a case in the Southern District of California before. Because Plaintiff has shown that he is capable of litigating his case in light of its complexity, he has not met the standard for appointment of counsel.

Plaintiff also states that he is entitled to an extension because he still does not have "his legal materials needed for the suit to proceed" and he has mental impairments. The Court has already considered and rejected this argument. (ECF No. 160.) Plaintiff has not identified what materials he is missing that make him unable to litigate this case. Moreover, Plaintiff has shown that he is capable of requesting copies of court filings. (*See* ECF No. 133, Plaintiff's Motion for Request of Lost Documents.) Plaintiff has been able to capably litigate this case for three years despite his mental illnesses. Nothing suggests that he is incompetent to proceed.

Plaintiff also complains that he did not receive a minute order following the

3

3:14-cv-02911-BEN (NLS)

pretrial conference. The Court has mailed a copy of the minute order to Plaintiff again. The Court notes that the minute order merely identifies the dates for the motion in limine hearing, trial, and deadline for the Court to receive jury instructions. Plaintiff was on the phone when these deadlines were set.

Accordingly, Plaintiff's request for a second pretrial conference is **DENIED.** Within 14 days of the date of this Order, Plaintiff may file his own proposed pretrial order.

**IT IS SO ORDERED.**

Dated: May 26, 2017

Hon. Roger T. Benitez
United States District Judge